IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL CULLOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No. 07-234-SLR | |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of June, 2007, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Paul Cullom, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court

applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion**. Plaintiff brings this suit against The Boeing Company, alleging it conspired and discriminated against him in violation of his civil rights under § 1983, and that "the facts are complicated and extensive." Plaintiff alleges defendant is guilty of

2

fraud, waste, and abuse. He alleges defendant conspired against him in connection with a case filed in a Washington State Court.

5. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49. As alleged, The Boeing Company is a corporation incorporated in Delaware. Nothing in the complaint alleges that defendant acted on behalf of a state or that it is "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004). Inasmuch as The Boeing Company is not at state actor, plaintiff cannot maintain a cause of action pursuant to § 1983. As currently presented, the complaint lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

6. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE

3

## Other Orders/Judgments
1:07-cv-00234-SLR Cullom v. Boeing Company
PaperDocuments

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered on 6/15/2007 at 1:46 PM EDT and filed on 6/15/2007
**Case Name:** Cullom v. Boeing Company
**Case Number:** 1:07-cv-234
**Filer:**
**WARNING: CASE CLOSED on 06/15/2007**
**Document Number:** 5

**Docket Text:**
ORDER DISMISSING CASE a frivolous (copy to pltf.) (CASE CLOSED). Signed by Judge Sue L. Robinson on 6/14/07. (rld)

**1:07-cv-234 Notice has been electronically mailed to:**

**1:07-cv-234 Notice has been delivered by other means to:**

Paul Cullom
6410 Ninth Ave, N.E.
Apt. 211
Seattle, WA 98115-8510

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/15/2007] [FileNumber=402541-0]
[4939d4b9359222bbc561f44e1569640ad9b0397cf19a7ab0d2dcfe74e0d98642a654
33f6d7b96aebb205deb8ef239eaa4535b19ecb493f04b6a1a223768e1f92]]

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

FILED
JUN 27 2007

Paul Cullom
6410 Ninth Ave, N.E.
Apt. 211
Seattle, WA 98115-8510



FORWARD TIME EXP RTN TO SEND
CULLOM, PAUL
17371 NE 67TH CT STE B5
REDMOND WA 98052-4987

RETURN TO SENDER